FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 21 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR PONCE HENRIQUEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 22-1364<br><br>Agency No.<br>A094-310-087<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2024**
San Francisco, California

Before: S.R. THOMAS, BEA, and CHRISTEN, Circuit Judges.

Petitioner Victor Ponce Henriquez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order, which dismissed his appeal of an Immigration Judge's ("IJ") decision which denied his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Because the parties are familiar with the facts, we do not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. When, as here, the BIA agrees with the IJ's reasoning and adds reasoning of its own, we review the BIA's decision and those parts of the IJ's decision upon which the BIA relied. *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021). We review for substantial evidence the BIA's factual findings underlying its determination that a petitioner has failed to establish eligibility for asylum or withholding of removal. *Hussain v. Rosen*, 985 F.3d 634, 641–42 (9th Cir. 2021). "We also review for substantial evidence the BIA's particular determination that a petitioner's past harm does not amount to past persecution." *Sharma*, 9 F.4th at 1060 (cleaned up). We deny the petition.

1.      Substantial evidence supports the agency's findings that the threats *Cuatreros* gang members made against Ponce Henriquez did not amount to past persecution. "Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing to cause significant actual suffering or harm." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Here, Ponce Henriquez does not identify any evidence establishing that the threats were "so menacing" or caused him actual "suffering or harm," despite his burden to do so. *See Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (discussing burden of

proof). Although Ponce Henriquez asserts that the death threats against him were accompanied by threats and violence towards his friends and family, the record contains no evidence to support these assertions.

Ponce Henriquez proffered evidence that, after he reported the gang members to the police for killing two of his cattle and stealing six others, he received one in-person death threat and a series of unspecified threats over the telephone for around eighteen months. But the gang members never performed any acts of violence, followed through on their threats, or physically harmed Ponce Henriquez in any way. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (holding death threats did not constitute past persecution where the alleged persecutor "confronted [the alien] several times over a period of weeks, did not perform any acts of violence, and never followed through on any of his threats"). Nor did Ponce Henriquez proffer evidence to show that the threats were escalating or accompanied by particularly menacing circumstances. *Cf. Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004) (determining that a death threat was particularly menacing where the threat included a Nazi slogan and was followed by the slashing of petitioner's tires, ransacking of her home, and chasing by a mob of neo-Nazis).

Although an alien can establish past persecution based on death threats even if he has not been "beaten or physically harmed," *see Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004), the unfulfilled threats at issue here do not rise to the level

that we have held compels a finding of past persecution. *Compare Marcos v. Gonzales*, 410 F.3d 1112, 1116, 1119 (9th Cir. 2005) (holding that substantial evidence supported an IJ's finding of no past persecution when the alien had received death threats in person, over the radio, and on the telephone on a continuing basis for years), *with Ruano v. Ashcroft*, 301 F.3d 1155, 1160–61 (9th Cir. 2002) (holding that an alien established past persecution where he "received multiple death threats over a period of six years," "was confronted on two occasions," and "was chased on multiple occasions by four men armed with pistols"), *and Antonio v. Garland*, 58 F.4th 1067, 1074 (9th Cir. 2023) (holding that, "[t]aken together . . . death threats, mob violence, involuntary transport to the police station, and repeated whipping" compelled a finding of past persecution). Therefore, we do not disturb the agency's determination that Ponce Henriquez did not demonstrate past persecution.

2.      Substantial evidence also supports the agency's determination that Ponce Henriquez did not meet his burden to establish a well-founded, country-wide fear of future persecution in El Salvador. An "'applicant does not have a well-founded fear of [future] persecution if the applicant could avoid persecution by relocating to another part of the applicant's country,' unless doing so would be unreasonable under the applicant's circumstances." *Hussain*, 985 F.3d at 648 (alteration in original) (quoting 8 C.F.R. § 1208.13(b)(2)(ii)). The agency determined that it would not be unreasonable for Ponce Henriquez to relocate to an

urban area of El Salvador, because his fear of the *Cuatreros* was tied to the rural area where he owned cattle and had resisted gang-related cattle theft, and Ponce Henriquez did not proffer specific evidence, aside from bare assertions, to show the gang could locate him in an urban area. *See Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc) (explaining that a well-founded fear must be demonstrated through "credible, direct, and specific evidence in the record"). The evidence does not compel a contrary conclusion. Indeed, Ponce Henriquez testified that his family members who reside in other areas of El Salvador have never experienced problems with the gang. Moreover, Ponce Henriquez testified that gang-based violence is widespread throughout El Salvador, but "[r]elocation is generally not unreasonable solely because the country at large is subject to generalized violence." *Hussain*, 985 F.3d at 648. Therefore, we do not disturb the agency's determination that Ponce Henriquez did not meet his burden to show that he had a well-founded, country-wide fear of future persecution throughout El Salvador.

3. To qualify for withholding of removal, an applicant must satisfy a more demanding standard than that required to establish eligibility for asylum. Because Ponce Henriquez has not established eligibility for asylum, "he necessarily fails to satisfy the more stringent standard for withholding of removal." *See Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

4. Ponce Henriquez has not "specifically and distinctly argued and raised"

in his opening brief that the agency erred when it denied his application for protection under CAT. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1070 (9th Cir. 2005) (citation omitted). He has therefore forfeited that claim.

**PETITION DENIED.**